IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CALVIN FRAZIER, # 177281, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv1168-TMH |
| | ) | (WO) |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

State inmate James Calvin Frazier ("Frazier") is before this court with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Frazier challenges his guilty-plea conviction for felony DUI[1] entered in the Circuit Court of Chilton County, Alabama, on February 16, 2007.  For that offense, he was sentenced to five years' imprisonment.  He did not undertake a direct appeal.

Frazier challenged his felony DUI conviction through a state post-conviction petition, filed in the trial court on or around October 15, 2007, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  He presented the following claims in his Rule 32 petition:

   1.   The State improperly used uncounseled prior misdemeanor DUI
        convictions to elevate his current DUI charge to felony DUI.

   2.   His lawyer rendered ineffective assistance of counsel by failing

_____

[1] Under § 32-5A-191(h), Ala. Code 1975, a person convicted of a fourth or subsequent DUI offense in Alabama is guilty of "felony DUI," an offense punishable by not less than one year and one day nor more than 10 years in prison.

"to investigate" and thus discover that he was not represented by counsel in the prior DUI convictions that were used to elevate his current DUI charge to felony DUI.

3.      His guilty plea was not knowingly and intelligently entered because his trial counsel failed to inform him that his prior, allegedly uncounseled, DUI convictions could not be used to elevate his DUI charge to felony DUI.

4.      His guilty plea was not knowingly and intelligently entered because the trial court failed to inform him of the minimum and maximum range of punishment he faced and further failed to inform him of the "constitutional provisions [he] was waiving by pleading guilty."

Doc. No. 19, Ex. A at 5-20.[2]

After receiving a response from the State, the trial court entered an order denying Frazier's Rule 32 petition on November 16, 2007.  Doc. No. 19, Ex. A at 24-27.  Frazier appealed from the denial of the Rule 32 petition, reasserting his Rule 32 claims in his appellate brief.  Doc. No. 19, Ex. B.  On September 25, 2009, the Alabama Court of Criminal Appeals, in an unpublished memorandum opinion, affirmed the trial court's denial of Frazier's Rule 32 petition.  Doc. No. 19, Ex. E.  In affirming the trial court, the Alabama Court of Criminal Appeals stated, in pertinent part:

In claims 1, 2, and 3 [of his Rule 32 petition], Frazier alleged that:  1) the State improperly used uncounseled prior DUI convictions to elevate his current DUI to a felony; 2) trial counsel was ineffective for failing to investigate his prior DUI convictions and determine that those convictions

---

[2] Unless otherwise indicated, references to document numbers are to those assigned by the Clerk to pleadings docketed in the instant action, references to exhibits ("Ex.") are to Respondents' exhibits included with Respondents' answer and supplemental answer (Doc. Nos. 19 & 34), and page references in the pleadings are to those assigned by CM/ECF.

could not be used to elevate his current DUI to a felony; and 3) his guilty plea was involuntary because he was unaware that his prior convictions could not be used to elevate his current DUI. Each of these claims is predicated on Frazier's assertion that his prior misdemeanor DUI convictions were uncounseled and thus improperly used to elevate his current DUI to a felony.

Summary dismissal of claims 1, 2, and 3 was proper because Frazier failed to meet his burden to plead the full-factual basis of his claims. Ala.R.Crim.P. 32.3; 32.6(b). Although Frazier alleged that his prior DUI convictions were obtained without counsel and the State failed to prove th[at] he waived counsel during those proceedings, he did not allege that any of his prior DUI convictions resulted in a sentence of incarceration. *See State v. Thrasher*, 783 So. 2d 103, 106 (Ala. 2000) (holding that "[t]he State, in order to use a prior DUI misdemeanor conviction to enhance a defendant's DUI sentence, need not prove that in the earlier proceeding the defendant was represented by counsel or knowingly and voluntarily waived counsel, if in the prior proceeding the defendant did not receive a jail term").

Therefore, Frazier failed to meet his burden to allege facts that, if true, would establish that his prior DUI convictions could not be used to elevate his current DUI to a felony. Because Frazier failed to satisfy his burden to plead the full-factual basis of his claim, summary dismissal was proper. Ala.R.Crim.P. 32.3; 32.6(b); 32.7(d).[3]

In claims 4 and 5, Frazier alleged that his guilty plea was not knowingly and voluntarily entered because the circuit court failed to inform him of the minimum and maximum sentences and because the circuit court failed to inform him of the constitutional rights he was waiving. These two claims were properly dismissed because Frazier failed to meet his burden of full-fact pleading.

---

[3] This court notes that, even in his federal habeas petition, Frazier has not alleged that any of his prior misdemeanor DUI convictions resulted in a sentence of incarceration. In *Nichols v. United States*, 511 U.S. 738 (1994), the United States Supreme Court held that only *actual imprisonment* (in the prior case) precludes a prior uncounseled conviction from being used to enhance a subsequent conviction. 511 U.S. at 748. In *State v. Thrasher*, 783 So. 2d 103 (Ala. 2000), the case the Alabama Court of Criminal Appeals cited in affirming the denial of Frazier's Rule 32 petition, the Alabama Supreme Court relied on *Nichols* in holding that a prior uncounseled misdemeanor DUI conviction may be used to enhance a current DUI charge to felony DUI if the prior DUI conviction did not result in a sentence of imprisonment. *See* 783 So.2d at 106.

In his petition, Frazier did not allege that he was unaware of the sentencing range available to him or that he was unaware of the rights that he was waiving. He did not allege that counsel failed to inform him of the sentencing range or the rights that he was waiving. He failed to indicate whether he signed an *Ireland* form, whether counsel discussed the form with him, or whether the circuit court questioned him regarding the form. In sum, Frazier made bare allegations that his plea was involuntary without any factual support. *See Flowers v. State*, (CR-06-1819, Sept. 26, 2008) ___ So. 3d ___, ___ (Ala. Crim. App. 2008) (quoting Ala.R.Crim.P. 32.6(b))) (reiterating that "'[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings'"). Therefore, Frazier failed to meet his burden of pleading the full-factual basis of his claim and summary dismissal was appropriate. Ala.R.Crim.P. 32.3; 32.6(b); 32.7(d).

For the foregoing reasons, the circuit court's judgment is affirmed.

Doc. No. 19, Ex. E at 4-5 (footnotes omitted).

Frazier filed an application for rehearing, which was overruled by the Alabama Court of Criminal Appeals on October 23, 2009. Doc. No. 19, Exs. F & G. He then filed a petition for a writ of certiorari in the Alabama Supreme Court, which that court denied on December 11, 2009; a certificate of judgment was entered on that same date. Doc. No. 19, Exs. H-J.

On December 15, 2009, Frazier initiated this action by filing a 28 U.S.C. § 2254 habeas petition reasserting the claims that he presented to the state courts in the Rule 32 proceedings.[4] Doc. No. 1. Pursuant to the orders of this court, Respondents filed an answer

---

[4] Although Frazier's habeas petition was stamped "received" in this court on December 28, 2009, the petition was signed by Frazier on December 15, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Frazier] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

and supplemental answer addressing Frazier's claims.  Doc. Nos. 19 & 34.  Respondents

argue that Frazier's claims are procedurally defaulted because the last state court entering

judgment denied his claims based on his failure to substantially comply with a state

procedural rule when asserting the claims in state court.  Doc. No. 19 at 12-13.  In this

regard, Respondents note that the Alabama Court of Criminal Appeals determined that

Frazier's Rule 32 claims did not comply with the specificity requirements of Ala. R. Crim.

P. 32.3 and 32.6(b).  *Id*.  Respondents further contend that Frazier fails to demonstrate cause

for his procedural default or that application of the procedural bar in his case would work a

fundamental miscarriage of justice.[5]  *Id*.  Respondents have also submitted records of the

Alabama Department of Corrections ("ADOC") reflecting that Frazier completed his

sentence for felony DUI before he filed his § 2254 habeas petition.  Doc. No. 34, Ex. K at

1-4.  Respondents therefore contend that this court has no jurisdiction to consider the habeas

petition, because Frazier's completion of his sentence for felony DUI meant that he did not

meet the "in custody" requirement when he initiated his federal habeas action.  Doc. No. 34

at 1-2.

Upon review of the parties' pleadings, the supporting exhibits, and all available

records, this court concludes that Frazier's § 2254 petition for habeas corpus relief is due to

be denied and dismissed, as this court lacks jurisdiction to consider Frazier's claims for

---

[5] Frazier filed a reply to Respondents' answer in which he argues that the Alabama Court of
Criminal Appeals erroneously and arbitrarily determined that his Rule 32 claims were subject to
dismissal on procedural grounds.  Doc. No. 29.

relief.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), the United States District Courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  Therefore, in order for this court to have jurisdiction over Frazier's habeas petition, Frazier must have been "'in custody' under the conviction or sentence under attack at the time his petition [was] filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  He was not.

In *Maleng*, the Supreme Court held that a habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the . . . conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted."  *Id.* at 492 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original). *See also Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) ("[T]he mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render [a petitioner] 'in custody.'").[6]  Scrutiny of the

---

[6] The Supreme Court has acknowledged that when a § 2254 petition could be construed as asserting a challenge to a current sentence that *actually* was enhanced by the allegedly invalid expired *prior* conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. *Maleng*, 490 U.S. at 493-94.  Even so, the mere fact that the expired prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction.  In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court held:

(continued...)

materials before this court reveals that although Frazier was "in custody" under a judgment of a court of the State of Alabama when he filed his habeas petition, his custody on the date of filing (December 15, 2009) was based solely on his 2002 Alabama conviction for the offense of manslaughter.  The sentence for the felony DUI conviction that Frazier attacks by his habeas petition was fully served *before* he filed the petition.

Frazier was convicted of manslaughter in Chilton County Circuit Court, Case No. CC-01-45, pursuant to a guilty plea that he entered on December 11, 2002.  On that same date, the trial court sentenced Frazier under Alabama's Habitual Felony Offender Act to 20 years in prison, split to serve 48 months of incarceration to be followed by 60 months of probation.  On August 20, 2004, Frazier was released to probation on his sentence in the manslaughter case.  In December 2004, while on probation, Frazier was arrested for DUI in

---

[6](...continued)
[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (citation omitted); *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001).  A prisoner may properly use a § 2254 petition to challenge a prior expired state conviction used to enhance a current sentence only where counsel was not appointed in the prior conviction, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *Lackawanna*, 532 U.S at 404-05; *see also Daniels*, 532 U.S. at 382-84.  A petitioner seeking relief under this exception, however, must still satisfy the procedural prerequisites for § 2254 relief.  *Lackawanna*, 532 U.S at 404.  The *Lackawanna/Daniels* exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence.  *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003).  The *Lackawanna/Daniels* exception does not apply to Frazier's instant habeas petition because, as discussed in this Recommendation, Frazier was no longer in custody for the felony DUI conviction that was enhanced by the allegedly invalid expired prior DUI convictions at the time he filed the habeas petition.

Clanton, Alabama.  That incident led to the revocation of his probation and his return to prison to serve the remainder of his sentence for manslaughter.

Because Frazier had several prior Alabama (misdemeanor) DUI convictions, the Clanton DUI arrest also led to his indictment, in July 2005, for felony DUI, in violation of § 32-5A-191(h), Ala. Code 1975.  As indicated above, Frazier pled guilty to that felony DUI charge in the Circuit Court of Chilton County, Case No. CC-05-410, on February 16, 2007.  On that same date, he was sentenced (as indicated above) to five years' imprisonment, to run concurrently with his 20-year sentence for manslaughter.

ADOC records reflect that while Frazier was serving his concurrent state sentences, he received good-time credit against his felony DUI sentence, so that the ADOC determined that the sentence imposed for his felony DUI conviction expired on December 2, 2008.  Doc. No. 34-1.  Frazier remained (and remains) in prison after that date, serving the remainder of the sentence imposed for his 2002 manslaughter conviction.

Because the record establishes that Frazier's sentence for felony DUI expired on December 2, 2008, Frazier was no longer "in custody" under that state court judgment, for purposes of 28 U.S.C. § 2254, when he filed his federal habeas petition on December 15, 2009, challenging that judgment.  Because Frazier does not meet the "in custody" requirement for purposes of a habeas challenge to his felony DUI conviction, this court does not have jurisdiction to consider his § 2254 petition.[7]  *See Mays v. Dinwiddie*, 580 F.3d 1136,

---

[7] Logically, Frazier's felony DUI conviction could not have been used, and was not used, to
(continued...)

1140–41 (10th Cir. 2009) (petitioner serving two concurrent sentences was not "in custody" for purposes of challenging the constitutionality of the already completed shorter sentence); *Freeman v. Pate*, No. 9:11-CV-01421-DCN-BM, 2011 WL 3420451 *3 (D.S.C. Jul. 19, 2011) (although petitioner remained in custody under his sentence for first-degree burglary, which was the longest of his concurrent state sentences, the sentence imposed for the petitioner's petit larceny conviction had fully expired when he filed his federal habeas petition challenging his sentence for the petit larceny conviction; therefore, *Maleng* barred the federal district court from entertaining the petitioner's habeas petition challenging his sentence for the petit larceny conviction).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Frazier be DENIED and this case DISMISSED with prejudice as this court lacks jurisdiction to consider Frazier's claims for relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 20, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

---

[7](...continued)
enhance the sentence for manslaughter that he is currently serving; the sentence for manslaughter was imposed in 2002, long before his conviction for felony DUI.

Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of March, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE